UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUAN JOSUE GONZALEZ PEREZ,
Petitioner,

v.

TODD BLANCHE, Attorney General of the United States, Department of Justice; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD LYONS, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Office Director of the San Diego Immigration and Customs Enforcement Office; JORGE VALARDE, Assistant Field Office Director of the Immigration and Customs Enforcement, Otay Mesa Detention Center; CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center,
Respondents.

Case No.: 3:26-cv-05725-LEK-JLB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241 AND ORDER TO SHOW CAUSE**

Before this Court is Juan Josue Gonzalez Perez's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 and Order to Show Cause ("Petition"), filed on October 6, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Todd Blanche, Attorney General of the United States, Department of Justice; Markwayne Mullin, Secretary of Homeland Security; Todd Lyons, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement ("ICE"); Patrick Divver, Field Office Director of the San Diego

ICE Office; Jorge Valarde, Assistant Field Office Director of ICE, Otay Mesa Detention Center; and Christopher J. LaRose, Senior Warden, Otay Mesa Detention Center (collectively "Respondents"), filed a response to the Petition ("Response") on October 15, 2026. [Dkt. no. 5.] On October 19, 2026, Petitioner filed a traverse. [Dkt. no. 5.]

## BACKGROUND

Petitioner, a national and citizen of Guatemala, entered the United States without inspection or admission on June 19, 2022 as an unaccompanied minor. See Petition at ¶¶ 1-2; see also Response, Exh. 1 (U.S. Department of Homeland Security ("DHS") Record of Deportable/Inadmissible Alien, Form I-213, dated 9/24/26 ("Form I-213")) at 3-4. Upon entering the United States, Petitioner was detained by immigration officers after he turned himself in. The immigration officers placed Petitioner in the custody of the Office of Refugee Resettlement ("ORR"). On July 26, 2022, ORR released Petitioner to the custody of his father, who was living in San Diego, California at the time. See Petition at ¶¶ 3, 19-20. Petitioner's father returned to Guatemala in 2023. After his father's departure, Petitioner lived with his uncle. On February 27, 2025, Petitioner's uncle became his legal guardian. See id. at ¶ 20.

On August 28, 2025, Petitioner was granted Special Immigrant Juvenile Status ("SIJS"), and in light of Petitioner's status, the removal proceedings against Petitioner were terminated on December 5, 2025. See id. at ¶ 3; see also id., Exh. B (Order of the Immigration Judge, dated 12/5/25, granting Petitioner's motion to terminate); id., Exh. C (DHS, U.S. Citizenship and Immigration Services ("USCIS") Notice of Action, Form I-797C, dated 8/28/25).

On September 24, 2026, immigration officers conducted a vehicle record check on a Toyota Tacoma with a California license plate. See Response, Exh. 1 (Form I-213) at 2. The record check indicated that the individual to whom the Toyota Tacoma was registered - Petitioner's brother, Elder Gonzalez Perez - lacked immigration

documents to lawfully remain in the United States. See id.; Petition at ¶ 21. Also on September 24, 2026, immigration officers conducted an operation targeting Petitioner's brother. The officers observed Petitioner's brother driving the Toyota Tacoma with a passenger who was later identified as Petitioner. Following their observations, the officers executed a vehicle stop and requested forms of identification from Petitioner and his brother. The officers then detained the two men for alleged immigration violations. Petitioner was placed in DHS custody. See Response, Exh. 1 (Form I-213) at 2-3. Petitioner asserts that, after he provided his identification documents to the immigration officers, they re-detained him without explaining why he was being detained. See Petition at ¶¶ 21, 46.

After his re-detention, Petitioner was placed in removal proceedings and was charged as being inadmissible under Title 8 United States Code Section 1182(a)(6)(A)(i). See id. at ¶ 22; see also id., Exh. D (DHS Notice to Appear, dated 9/24/26) at PageID.38. Petitioner was scheduled to appear before an immigration judge for a bond hearing on October 13, 2026, but Petitioner withdrew the request for a bond. See Response at 2; see also id., Exh. 2 (Order of the Immigration Judge, dated 10/13/26 ("10/13 Order")). As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center in San Diego, California. See Petition at ¶ 12.

Petitioner's primary argument is that his re-detention violates his due process rights. See id. at pgs. 11-17. Petitioner also argues that his re-detention violates: the Fourth Amendment; Title 8 Code of Federal Regulations Section 287.8(b)(2) and (c)(2); and Title 8 United States Code Section 1357(a)(2). See id. at pgs. 17-23. Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 23.

Respondents acknowledge that the Ninth Circuit Court of Appeals recently "held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." See Response at 1; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Respondents

therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.] Respondents also admit that "Petitioner also appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz[.]" Id. at 1-2 n.1; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025).[1] Respondents nevertheless urge this Court to deny the Petition as moot. They argue that there is no case or controversy for this Court to resolve because Petitioner may request a bond hearing under Section 1226(a). See Response at 2-3. They also argue that Petitioner should be required to exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals ("BIA") before this Court issues any relief. See id. at 3. Finally, with respect to Petitioner's argument that he is entitled to immediate release because he was detained without a warrant, Respondents argue that Petitioner was issued an administrative warrant on September 24, 2026. See id.; see also id., Exh. 3 (DHS Warrant for Arrest of Alien, dated 9/24/26).

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or

---

[1] This Court notes that, on March 6, 2026, the Ninth Circuit administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." Maldonado Bautista et al. v. U.S. Dep't of Homeland Sec. et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. Therefore, this Court resolves the instant Petition without reliance on Maldonado Bautista.

collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. See Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[2]

## DISCUSSION

### I. Mootness & Exhaustion

First, this Court addresses Respondents' argument that this Court should deny the Petition on mootness and exhaustion grounds. See Response at 2-3. As to mootness,

> "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017) (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)). . . .

Castaneda v. Lyons, Case No. 1:26-cv-01866-JLT-SAB-HC, 2026 WL 1623336, at *2 (E.D. Cal. June 5, 2026) (some alterations in Castaneda).[3] The mere fact that a bond hearing **can be** scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time. As to exhaustion,

> While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir.

---

[2] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

[3] The magistrate judge's report and recommendation in Castaneda was adopted by the district judge. 2026 WL 1865440 (June 29, 2026).

> 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Id. at 1000 (internal quotations and citations omitted).

Miguel Pedro v. Mullin, Case No. 5:26-cv-04303-MBK, 2026 WL 2677303, at *4 (C.D. Cal. Sept. 11, 2026).

Here, the record indicates that Petitioner has not yet received a bond hearing. See Response, Exh. 2 (10/13 Order). While Respondents correctly note that Petitioner may seek a Section 1226(a) bond hearing before an immigration judge, see Response at 2, this Court concludes that administrative remedies would be inadequate and futile. See Cardenas v. Giles, Case No. 8:26-CV-02322-ACCV, 2026 WL 2722730, at *2 (C.D. Cal. Sept. 14, 2026) (concluding that administrative remedies would be inadequate and futile because "a post-deprivation bond hearing would not address the propriety of [the petitioner's] claim that [she] was not afforded constitutionally adequate procedural safeguards prior to the deprivation of h[er] liberty interest." (some alterations in Cardenas) (citation and internal quotation marks omitted)); Zhou v. Janec[k]a, Case No. 5:26-cv-04167-DTB, 2026 WL 2365550, at *4 n.4 (C.D. Cal. Aug. 14, 2026) ("Constitutional claims are generally excepted from the exhaustion requirement because neither immigration judges nor the BIA are permitted to consider constitutional challenges to the statutes they administer." (citing Sola v. Holder, 720 F.3d 1134, 1135

(9th Cir. 2013))). Therefore, this Court waives any prudential exhaustion requirement as to Petitioner's due process claims. Respondents' request to deny the Petition on mootness and exhaustion grounds is denied.

## II. Due Process

There is no dispute that the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. See Response at 1. Accordingly, this Court turns to Petitioner's argument that he is entitled to immediate release. While Respondents request that this Court decline to address, *inter alia*, Petitioner's due process arguments, see id. at 3 n.3, they do not substantively address Petitioner's due process arguments. This Court concludes that Respondents have waived any arguments going to the merits of Petitioner's due process challenges by failing to raise them in their Response. See Perez Lopez v. Casey, Case No. 26-cv-04949-RFL, 2026 WL 2741864, at *2 (S.D. Cal. Sept. 16, 2026).

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. See Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law."). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." Valencia Zapata v. Kaiser, Case No. 25-cv-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (collecting cases). Courts have also found that SIJS deferred action is a protectable interest subject to the guarantee of due process of law. See A.R. v. Noem, Case No. 5:25-cv-3565 MEMF-PVC, 2026 WL 194850, at *1, *5 (C.D. Cal. Jan. 26, 2026) (concluding that the petitioner has a protected liberty interest

in his SIJS status and that his status could not be revoked without due process); Singh v. Noem, Case No.: 26-cv-1081-BJC-DDL, 2026 WL 686313, at *1 (S.D. Cal. Mar. 11, 2026) (concluding that the petitioner, a SIJS recipient, was entitled to due process before he was detained). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations in Pinchi) (brackets omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593 (1972)).

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[4]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why

[4] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

his deferred action was being revoked before he was summarily detained on September 24, 2026. See Petition at ¶ 21. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention. Providing Petitioner a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[5]

Petitioner has also requested that this Court award him attorney's fees and costs. See id. at pg. 24. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Juan Josue Gonzalez Perez's Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 and Order to Show Cause, filed October 6, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's re-detention on September 24, 2026.

Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; placing Petitioner in an Alternatives to Detention program; and placing an ankle monitor on

[5] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address the other claims in the Petition. See Petition at pgs. 17-23.

Petitioner upon his release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **October 29, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 22, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>JUAN JOSUE GONZALEZ PEREZ VS. TODD BLANCHE ET AL.</u>; CASE NO. 3:26-CV-05725-LEK-JLB; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241 AND ORDER TO SHOW CAUSE**